By the Court.
Whether the devise in trust to the executors ought to be regarded, according to the principle of the decision of the Court of Errors in Coster v. Lorillard, (14 Wend. 265,) as an entirety and as such, wholly void, is a question which it is unnecessary to decide, since it is certain that the- devise, if valid at all, was only so, during the lives of the father and sister of the testator. The estate of the trustees necessarily ceased upon the death of the sister, as its continuance during the lives of her children, the defendants, would suspend the power of alienation beyond the period allowed by the statute, that is, beyond two lives in being at the death of the testator. All the trusts in the will limited to take effect after the death of the sister are very plainly illegal and void. It follows, that as the reversion in fee was undisposed of by the will, it descended, upon the death of the testator, to his father; upon his death, to the sister, as heir-at-law of the father, and upon her death, to the defendants as her heirs; and as the estate of the trustees terminated at the same time, it vested in them, not as a reversion, but as an immediate and absolute fee. The result is exactly the same, upon the supposition, that the devise to the executors is wholly void,* for then the estate descended, as an absolute fee, to the father; upon his death, to the mother of the defendants, and, upon her death, to the defendants. Hence, guacwnque via data, the defendants are entitled to the possession of the house and lot devised, as tenants in common in fee.
A judgment, containing this declaration, must be entered, and also that the plaintiff account to the defendants for the rents and profits received by him since the death of their mother; but in taking this account he is to be allowed the payments made by him on account of the annuity to the mother of the testator, for, although the devise is wholly or partially void, the' annuity is valid, as a legacy charged upon the rents and profits, (Hawley v. James, 16 Wend. 61; Lang v. Ropke, 5 Sand. S. C. Rep. 464.)

 The better opinion would seem to be, that the devise to the trustees was wholly void, and such, had it been necessary to decide the question, would probably have been the judgment of the court. Vide Amory v. Lord, 5 Seld. 403, (R.)